Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONYA HALE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>THE COSMOPOLITAN OF LAS VEGAS;<br>NV PROPERTY 1, LLC dba THE<br>COSMOPOLITAN OF LAS VEGAS, a<br>Nevada Limited Liability Company;<br>RICHARD SHERMAN, an individual,<br><br>                    Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER<br>RELIEF BASED UPON:<br><br>1. SEX/GENDER HARASSMENT<br>2. HOSTILE ENVIRONMENT SEXUAL<br>   HARASSMENT<br>3. RETALIATION<br>4. NEGLIGENT HIRING, SUPERVISION<br>   AND RETENTION<br>5. VERBAL ASSAULT<br>6. INTENTIONAL INFLICTION OF<br>   EMOTIONAL DISTRESS<br><br>JURY DEMAND |

Plaintiff TONYA HALE ("Plaintiff" or "Hale") alleges as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") to obtain relief for Plaintiff Hale for discriminating against her, harassing her and retaliating against her, on the basis of her sex

(female) in the terms, conditions or privileges of her employment.

2.     At all relevant times, Defendants THE COSMOPOLITAN OF LAS VEGAS; NV PROPERTY 1, LLC dba THE COSMOPOLITAN OF LAS VEGAS, a Nevada Limited Liability Company (hereinafter "Cosmopolitan" or "Defendant Cosmopolitan") employed more than fifteen (15) employees, and they are therefore subject to the provisions of Title VII.

3.     Jurisdiction is predicated under these code sections as well as *28 USC §1331*, as this action involves a federal question.  The state law claims for verbal assault and intentional infliction of emotional distress are predicated on the supplemental jurisdiction of the court pursuant to *28 USC §1367(a)*.

4.     The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2)*, and the ends of justice so require.

**PARTIES**

5.     Plaintiff, Hale is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.     Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Cosmopolitan.

7.     Cosmopolitan is an employer within the meaning of *42 USC §2000e(b)*.

8.     Plaintiff is informed and believes and thereon alleges that Defendant RICHARD SHERMAN, an individual (hereinafter "Sherman" or "Defendant Sherman") is a citizen of the United States and a resident of the State of California.

**EXHAUSTION OF REMEDIES**

9.     Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ('NERC") and Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on February 5, 2019, a copy of which is attached to Complaint as Exhibit "A".

**STATEMENT OF FACTS**

10.    On or around September 20013 Plaintiff commenced her employment as a Table Games Supervisor and currently works at the Cosmopolitan in the same capacity.  She continues to perform her job satisfactorily and is one of the only female employees working in her section.

11.    On January 10, 2018 at approximately 1:15 a.m. on the casino floor at Table 46-3rd base side, Sherman, then of Seattle Seahawks Football Club and currently of the San Francisco 49ers Football Club, harassed and repeatedly verbally assaulted Hale, by among other things, yelling and screaming at her, berating her, using profanity towards her and others, making gender discriminatory comments to her and threatening her job.

12.    Sherman had an issue with Hale not allowing him to bet over the table limit by giving money to his entourage (ie. people with him) to bet for him.  Plaintiff was just following the casino policy of not allowing this to occur if the total he (and the people with him) was betting was over the table limit.

13.    He told Hale if "she couldn't handle this then they should get someone who could." Plaintiff inferred that Sherman was saying if she couldn't handle the situation because she was a woman that they should get a man to handle the situation.

14.    This lasted for at least 15 to 25 minutes before Sherman left the casino on his own accord.  During this time no one including the shift manager David Bentley said anything to Sherman to stop him from continuing his verbal assault on Plaintiff.  Hale even had a couple of customers come up to her after the incident and comment that they were sorry she had to go through what she did and how improper Sherman's conduct was towards her.

15.    In addition during the same incident Sherman verbally abused another female employee, Pit Manager Xiao Duex, and Bentley or the Cosmopolitan again did nothing about it. Plaintiff feels that if it was a male employee Bentley and/or other managers would have come to that employee's defense.

16.    Although Sherman was briefly prevented from returning to the property after the vice president of table games reviewed the video of what occurred that night, this lasted only one day before he was told he could continue to frequent the casino like nothing ever happened.

17.     Sherman came back to the Cosmopolitan on February 6, 2018 when Hale was working and continued to harass Plaintiff based on her sex including berating her and antagonizing her by calling out her name.

18.     When Hale wouldn't allow Sherman (and anyone betting for him) to bet over the table limit, he starting screaming at Plaintiff "mother f**ker, f**k I'll have your job, you don't tell me what to do."

19.     Plaintiff explained to him that his money is his bankroll regardless of who bets it for him.  So whoever bets, it can't be over the table limit for each roll.  He replied that Hale was wasting his time, asking her why is she doing this and then screaming out loud "Tonya is wasting my time."  The shift manager Bentley again saw and heard the whole thing and did nothing about it.

20.     Some craps dealers even came up to Plaintiff after the incidents and said to Plaintiff that they can't believe David allowed this to happen to her.

21.     After these incidents occurred Hale reported it to the Director of Table Games Kellie Gorman, filed a charge of discrimination with the Nevada Equal Right Commission ("NERC") and retained an attorney to represent her in the matter.  Her attorney sent a letter of representation to the Cosmopolitan on January 16, 2018.  Thereafter until present Plaintiff has been retaliated against by Defendant, including but not limited to:

       a.      After reporting the incidents, Cosmopolitan almost completely removed Hale from craps, her regular game.  Where prior to reporting the incidents Plaintiff worked craps four or five times a week, after she reported the incidents she was lucky to work craps once or twice a month;

       b.      Further, Defendant starting harassing Plaintiff about taking her Family Medical Leave ("FML") including accusing her of taking FML days on Fridays a lot and questioning whether these requests were legitimate.  Cosmopolitan claimed Plaintiff called out a lot on FML and made her recertify her FML in April 2018 even though her prior FML certification should have been good until June 2018;

c.      In addition, Bentley has acted completely offish to Plaintiff since the incidents.  Recently Bentley tried to intimidate Hale by standing about 10 feet away from her and stared at her to the point that one of the dealers in the area asked Hale what she did wrong to make him stare at her as he was doing.  If she asks him a question, he completely ignores her.

d.      Finally, Hale recently wanted to take personal leave to visit her elderly mother out of town who recently had an aneurysm and even though Defendant eventually let her use her personal leave for the visit, they originally were forcing her to use her FML.

## FIRST CAUSE OF ACTION

### (For Sex/Gender Discrimination in Violation

### of Title VII against Cosmopolitan)

22.      Plaintiff Hale incorporates the allegation set forth in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.      This cause of action is brought pursuant to Title VII to obtain relief for Plaintiff for discriminating against her in the terms, conditions or privileges of her employment because of her sex/gender Discrimination in violation of Title VII.

24.      As previously set forth herein above, Hale was discriminated against because of her sex/gender (female) in violation of Title VII.  This including treating female employees different than male employees in the terms, conditions or privileges of their employment.

25.      As a direct, foreseeable, and legal result of this discrimination because of her sex/gender, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

26.      As a further direct, foreseeable, and legal result of this discrimination because of her sex/gender, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the

Court, also to be proven at the time of trial.

27.    In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

28.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

29.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (Hostile Environment Sexual Harassment in Violation
### of Title VII against Cosmopolitan)

30.    Plaintiff Hale incorporates the allegations set forth in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31.    This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

32.    As previously set forth herein above, Plaintiff was harassed because of her sex/gender (female) in violation of Title VII which created a "Hostile Environment" in the workplace for Hale.

33.    This including allowing Defendant Sherman to harass Plaintiff because of her gender without doing anything about it.

34.    By failing to take reasonable actions, Cosmopolitan breached their duty under the law to provide an environment free of sexually harassment.

35.    As a direct, foreseeable, and legal result of the sexual harassment by Sherman and Cosmopolitan's failure to provide a work environment free of sexual harassment, Plaintiff has suffered crying attacks, embarrassment, feeling violated, having nightmares about the incident,

being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

36.     In acting as they did, Cosmopolitan knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

37.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

38.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **THIRD CAUSE OF ACTION**

### **(Title VII of the Civil Rights Act of 1964 -**

### **Retaliation against Cosmopolitan)**

39.     Plaintiff Hale incorporates the allegation set forth in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40.     This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for retaliation which is governed by Title VII.

41.     As set forth herein above, Plaintiff was retaliated against, for reporting Sherman's conduct to Cosmopolitan, filing a charge with NERC and retaining an attorney.  The retaliation has continued up to the present.

42.     These action taken by Defendant Cosmopolitan against Plaintiff as discussed above were as a direct result and in direct retaliation of Hale reporting the conduct of Sherman to Cosmopolitan, filing a charge with NERC and retaining an attorney.

43.     The retaliation Plaintiff experienced as set forth above were "adverse employment actions" under Title VII and represented retaliation, as Cosmopolitan's actions were motivated by Hale reporting the conduct of Hale to Cosmopolitan, filing a charge with NERC and retaining an attorney.

44.     As a direct, foreseeable, and legal result of this retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

45.     As a direct, foreseeable, and legal result of Cosmopolitan's retaliation, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

46.     In acting as they did, Defendant Cosmopolitan knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

47.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

48.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### **FOURTH CAUSE OF ACTION**

**(Negligent Hiring, Supervision and**

**Retention against Cosmopolitan)**

49.     Plaintiff Hale incorporates the allegations set forth in paragraphs 1 through 48, inclusive, as if fully set forth herein.

50.     Plaintiff Hale is entitled to a safe and productive work environment free of harassment.  As her employer, Cosmopolitan has a duty to hire, train, employ, supervise, manage and retain managerial and supervisory employees who are fit for those positions

51.     Cosmopolitan breached these duties by failing to properly hire, train, employ, supervise, manage and retain managerial and supervisory employees including but not limited to shift manager Bentley.

52.     As set forth above, Bentley allowed Defendant Sherman to harass Plaintiff because of her gender without doing anything about it.

53.     By failing to take reasonable actions, Cosmopolitan breached their duty under the law to provide a productive work environment free of harassment.

54.     As a direct, foreseeable, and legal result of this failing to provide an environment free of harassment, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

55.     As further direct, foreseeable, and legal result of failing to provide an environment free of harassment, Plaintiff has suffered crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

56.     In acting as they did, Cosmopolitan knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

57.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

58.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Verbal Assault - against Sherman)

59.     Plaintiff Hale incorporates the allegation set forth in paragraphs 1 through 58, inclusive, as if fully set forth herein.

60.     Defendant Sherman's actions as set forth above constituted a verbal assault under Nevada Law.

61.     These actions by Sherman caused severe emotional distress to Plaintiff including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

62.     In acting as he did, Defendant Sherman knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Sherman's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

63.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

64.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress -
### against Cosmopolitan and Sherman)

10

65.     Plaintiff Hale incorporates the allegation set forth in paragraphs 1 through 64, inclusive, as if fully set forth herein.

66.     Defendant Sherman's actions and Cosmopolitan's actions by failing to do anything about Sherman's actions, as set forth above, constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff.

67.     Sherman's and Cosmopolitan's actions did in fact cause severe emotional distress to Plaintiff, including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

68.     In acting as he did, Defendant Sherman and Cosmopolitan's, knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.   Sherman's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

69.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

70.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Hale demands judgment against Defendants Cosmopolitan and Sherman as follows:

<u>Against Cosmopolitan</u>:

1.  For economic losses in the form of loss earnings according to proof at time of trial;

2.  For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

3.  For punitive damages;

4.  For attorney's fees and costs in an amount determined by the court to be reasonable, pursuant to *42 USC §2000e-5(k)*;

5.  For pre-judgment interest on all damages; and

6.  For any other and further relief that the court considers proper.

<u>Against Sherman</u>:

7.  For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life, all to Plaintiff's damage in a sum to be shown at the time of trial;

8.  For punitive damages;

9.  For attorney's fees and costs in an amount determined by the court to be reasonable;

10.  For pre-judgment interest on all damages; and

11.  For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


DATED:  5/06/2019          LAW OFFICES OF MICHAEL P. BALABAN



BY: /s/ Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

# EXHIBIT

# "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

| | |
|---|---|
| To:  **Tonya Hale**<br>P.O. Box 751474<br>Las Vegas, NV 89136 | From:  **Los Angeles District Office**<br>**255 E. Temple St. 4th Floor**<br>**Los Angeles, CA 90012** |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **34B-2018-00443** | **Karrie L. Maeda,**<br>**State & Local Coordinator** | **(213) 894-1100** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN</u> <u>90 DAYS</u> **of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Rosa M. Viramontes,**
**District Director**

February 5, 2019
*(Date Mailed)*

Enclosures(s)

cc:      **Adriana Kasunic**
**Senior Director of People Services**
**COSMOPOLITAN RESORT HOTEL**
**3708 Las Vegas Blvd. South**
**Las Vegas, NV 89109**

**Michael P. Balaban, Esq.**
**LAW OFFICES OF MICHAEL P. BALABAN**
**10726 Del Rudini St.**
**Las Vegas, NV 89141**