UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TONYA HALE,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>THE COSMOPOLITAN OF LAS VEGAS, et al.,<br><br>                    Defendant(s). | Case No. 2:19-CV-780 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant NV Property 1, LLC's ("Cosmopolitan") motion to dismiss plaintiff Tonya Hale's ("Hale") fourth and sixth causes of action. (ECF No. 10). Hale filed a response (ECF No. 15), to which Cosmopolitan replied (ECF No. 25).

Also before the court is defendant Richard Sherman's ("Sherman") motion to dismiss Hale's complaint. (ECF No. 13). Hale filed a response (ECF No. 16), to which Sherman replied (ECF No. 21).

## I.     Background

This claim arises from a verbal altercation between Hale and Sherman and the resulting conduct, or lack thereof, from Cosmopolitan. (ECF No. 1). Since 2013, Hale has worked for Cosmopolitan as a table games supervisor. *Id.* at 3. On January 10, 2018, Sherman and several friends began gambling at Hale's table. *Id.* Hale then prevented Sherman from placing bets over the table's maximum betting limit. *Id.*

According to Hale, Sherman proceeded to harass Hale by yelling, using profanity, and threatening Hale's job. *Id.* This conduct continued for fifteen to twenty-five minutes, at which point Sherman left Cosmopolitan of his own accord. *Id.* During this time, no Cosmopolitan

**James C. Mahan**
**U.S. District Judge**

employee—including Hale's shift manager, David Bentley—attempted to stop Sherman. *Id.* However, after reviewing the video of the altercation, Cosmopolitan's vice president of table games prevented Sherman from returning that night. *Id.*

One month later, Sherman returned to the Cosmopolitan and harassed Hale after she again prevented him from betting over the table limit. *Id.* at 4. After this interaction, Sherman again left Cosmopolitan of his own accord. *Id.* According to Hale, Bentley again saw the entire interaction and again did nothing to prevent Sherman's conduct. *Id.*

Hale sued Sherman for verbal assault and intentional infliction of emotional distress. *Id.* As relevant to this order, Hale alleges negligent hiring, supervision, and retention, and intentional infliction of emotional distress ("IIED") against Cosmopolitan. *Id.* Cosmopolitan and Sherman each move to dismiss the claims against them for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). (ECF Nos. 10, 13).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of

**James C. Mahan
U.S. District Judge**

truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. *Cosmopolitan*

Cosmopolitan argues that neither of Hale's claims are sufficiently pled. (ECF No. 10 at 3–7). Hale contends that she has alleged sufficient facts to survive a motion to dismiss. (ECF No. 15 at 7–9). The court now determines Hale's pleadings as to each claim independently.

*1. Negligent hiring, supervision, and retention*

"In Nevada, a proprietor owes a general duty to use reasonable care to keep the premises in a reasonably safe condition for use." *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996). "As is the case in hiring an employee, the employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for

their positions." *Id.* (citing *Burnett v. C.B.A. Security Service*, 820 P.2d 750, 752 (Nev. 1991)). That duty is breached when a company hires an employee even though it knew, or should have known, of the employee's dangerous propensities. *Id.* at 98.

Hale avers that, although she is entitled to a "work environment free of harassment," her shift manager, David Bentley, allowed defendant Sherman to harass Hale. (ECF No. 15 at 9). Thus, by Hale's estimation, Bentley's inaction means Cosmopolitan breached its duty to hire, train, employ, supervise, manage, and retain managerial employees who are fit for their positions. (ECF No. 1 at 9). In response, Cosmopolitan argues that it breaches its general duty to ensure that employees are fit for their positions only when it hires an employee even though it knew or should have known of the employee's dangerous propensities. (ECF No. 10 at 8).

Hale's allegations as to this claim amount to little more than legal conclusions and recitals of the elements of the cause of action. For instance, Hale summarily alleges that "Cosmopolitan breached [its] duties by failing to properly hire, train, employ, supervise, manage and retain managerial and supervisory employees including but not limited to shift manager Bentley." (ECF No. 1 at 9). This is a legal conclusion unsupported by facts pertaining to Bentley's training. Plaintiff does not allege any facts relating to the training Bentley received, Bentley's job duties, or protocol shift managers must follow when a patron harasses an employee. *See generally id.* Plaintiff does not allege that Bentley had any dangerous—or even improper—propensities, let alone that Cosmopolitan knew or should have known about them.

Thus, Hale's complaint does not plausibly allege that Cosmopolitan negligently hired, supervised, or retained employees even though it knew of the employee's dangerous propensities. *See Hall*, 930 P.2d at 98. Instead, plaintiff's negligent hiring, supervision, and retention claim is premised on the same facts underlying her various discrimination claims.

Thus, claim 4 is dismissed against Cosmopolitan. *SeeLevy v. Mandalay Corp.*, No. 2:14-CV-01636-GMN, 2015 WL 3629633, at *4 (D. Nev. June 10, 2015) ("Plaintiff may not bring an additional common law tort claim for negligent hiring, supervision, and training because the [anti-discrimination] statute precludes an additional remedy for illegal employment practices.")

. . .

James C. Mahan
U.S. District Judge

- 4 -

2. *Intentional infliction of emotional distress*

To prevail on her IIED claim, Hale must show "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1194 (D. Nev. 2002).

Cosmopolitan argues "[t]here is no conduct described in the [c]omplaint that would give rise to the level of extreme or outrageous behavior . . . necessary to state a claim of intentional infliction of emotional distress . . . ." (ECF No. 10 at 9). On the other hand, Hale alleges that "Cosmopolitan's actions by failing to do anything about Sherman's actions . . . constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff." (ECF No. 1 at 11).

Hale argues that "the evidence will show Sherman's conduct and Cosmopolitan not doing anything about it was extreme and outrageous . . . ." (ECF No. 15 at 10). For instance, Hale alleges that other bystanders noticed Sherman's conduct and Bently's inaction. (ECF No. 1 at 3–4). Specifically, Hale claims that customers told her they were sorry she had to go through Sherman's improper conduct and that other dealers said they could not believe Bentley allowed Sherman to yell at her. *Id.* In light of these allegations, Hale argues that Cosmopolitan's inaction constitutes extreme and outrageous conduct. (ECF No. 15 at 10).

But Hale provides no factual or legal support for her claim that a supervisor's inaction is considered extreme or outrageous conduct. Even if the court were to determine that Bentley's failure to intervene is outrageous conduct, Hale does not sufficiently allege that Bentley intentionally or recklessly caused Hale's emotional distress. The only allegation that potentially touches upon Bentley's or Cosmopolitan's intent is Hale's "feel[ing] that if it was a male employee Bentley and/or other managers would have come to that employee's defense." (ECF No. 1 at ¶ 15). Once again, Hale fails to allege facts to support her IIED claim beyond those that support her discrimination claims. *See Levy*, 2015 WL 3629633, at *4.

Thus, claim six is dismissed against Cosmopolitan.

. . .

James C. Mahan
U.S. District Judge

*B. Sherman*

As an initial matter, Hale "agrees to dismiss her fifth cause of action against Sherman for verbal assault." (ECF No. 16 at 12). Thus, the court dismisses claim five. The court now determines whether Hale has sufficiently pled her IIED claim against Sherman.

Ordinarily, "[l]iability for emotional distress will not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Candelore v. Clark Cty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992). Hale cites *Branda v. Sanford*, 637 P.2d 1223 (Nev. 1981), as support that a jury should determine whether Sherman's conduct—verbally accosting Hale—was outrageous using contemporary attitudes and prevailing societal circumstances. (ECF No. 16 at 7–8). Hale miscites the court's holding in *Branda*.

In *Branda*, the Nevada Supreme Court held that the district court errantly dismissed Branda's claim of IIED because Branda had sufficiently pled a claim of intentional infliction of emotional distress under Nevada's notice pleading standard. *Branda*, 637 P.2d at 1226–27. The court thus held that a jury was entitled to hear Branda's arguments on that claim. *Id.*

Here, unlike the state-court plaintiff in *Branda*, Hale must meet the federal pleading standard to survive a motion to dismiss. Thus, Hale must allege facts that plausibly show "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Jespersen*, 280 F. Supp. 2d at 1194.

Hale alleges that Sherman harassed and verbally assaulted her by, among other things, yelling, screaming, berating, using profanity, making gender discriminatory comments, and threatening her job. (ECF No. 1 at ¶ 11). Hale argues that Sherman's verbal statements are extreme and outrageous conduct proving intentional infliction of emotional distress. (ECF No. 16 at 7).

The court disagrees. Instead, the court finds that Sherman's conduct is akin to insults, indignities, or threats, not conduct which is outside all possible bounds of decency or utterly intolerable in a civilized community. *See Candelore*, 975 F.2d at 591; *Alam v. Reno Hilton*

*Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993); *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (1998).

First, Sherman's conduct occurred on two fifteen to twenty-five minute incidents. (ECF No. 1). Interacting with a rude and aggressive individual in such a limited capacity is something that persons are necessarily expected and required to be hardened to. *Maduike*, 953 P.2d at 26. Second, Sherman did not make sexual advances or comments to Hale, which could be considered extreme an outrageous. *See Shufelt v. Just Brakes Corporation*, 2017 WL 379429 (D. Nev. Jan. 25, 2017). Third, while Sherman's threats to have Hale fired and insinuations that Hale should have found an employee who could handle Sherman certainly show rudeness and insensitivity, they do not amount to extreme or outrageous. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991). Thus, Hale does not sufficiently allege that Sherman engaged in extreme or outrageous conduct.

Thus, claim six is dismissed against Sherman.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Cosmopolitan's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Sherman's motion to dismiss be, and the same hereby is, GRANTED.

DATED March 30, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -